IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     $72,700.00 SEIZED FROM PAYPAL ACCOUNT NUMBER 1524409234531416820,

        Defendant.

---

### **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

---

The United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), states:

### **JURISDICTION AND VENUE**

1.     The United States of America (the United States) has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. § 981(a)(1)(C), seeking forfeiture of defendant properties based on violations of 18 U.S.C. § 641 (theft of government property), and 18 U.S.C. § 1343 (wire fraud).  This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.     Venue is proper under 28 U.S.C. § 1395, as some of the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3.   Defendant property is more fully described as:

a.   $72,700.00 Seized from PayPal Account Number 15244092345314416820, ("defendant $72,700.00") seized on November 30, 2020, from PayPal, Inc., 211 North First Street, San Jose, CA 95131. The account was in the name of Joseph David.  Defendant $72,700.00 is currently being held by the United States Secret Service Asset Forfeiture Branch in Washington, D.C.

## FACTUAL BASIS FOR FORFEITURE

4.   Except as otherwise noted, all of the following facts and information have been discovered through my own investigation, and the observations and investigations of fellow law enforcement officers as reported to me.

## BACKGROUND INFORMATION

5.   In June 2020, the United States Secret Service (USSS) Central Florida Cyber Fraud Task Force (CFTF) began an investigation into various third-party payment systems after receiving complaints in regards to Small Business Administration's (SBA) Paycheck Protection Program Loan (PPP) and Economic Injury Disaster Loan (EIDL) fraud.

6.   Reports of individuals submitting fraudulent PPP and EIDL loan applications through the online SBA website utilizing fabricated employment information and/or documentation, or stolen individual and corporate personally identifiable information, were submitted to the USSS by various payment systems.

7.   The application directed the funds to numerous "money mule" accounts across the United States. The investigation revealed the conspirators utilized numerous

third-party payment systems in an attempt to conceal and move their criminal proceeds. One such payment system is PayPal Holdings, Inc. (PPH), commonly known as PayPal.

8. PPH identified numerous accounts, including the account defendant $72,700.00 was seized from, that had obtained SBA EIDL funds fraudulently based on the following fraud indicators present in the accounts: (1) Newly created accounts with abnormal transaction activity (little to no prior financial transactions) or existing accounts with no activity in past 24 months prior to SBA deposit; (2) Large SBA loan amounts or deposits with minimal or no other sources of deposits; (3) Inability to positively identify account holders (synthetic or unauthorized accounts); (4) No customer inquiries after funds were frozen; (5) No proper identification supplied after a customer inquiry after funds were frozen; (6) Mismatch of account holder name and SBA EIDL beneficiary name and/or business name on PPH account; (7) Customer inability to prove existence of, or relation to, their stated business; (8) Common indicators of fraudulently created account, to include: gibberish email address, freemail domains, web hosting IP addresses, and VOIP phone numbers; (9) PPH account logins origin from IP address geolocations inconsistent with addressed registered on PPH account; (10) Submission of apparent fraudulent documents to open account; (11) Financial transactions are inconsistent with the business to which the account is purportedly associated to; (12) Business name registered PPH account exactly matches the account holder's name (account holder names and business entity names typically differ); (13) Customer's explanation of their business did not match the information available via public records search; and (14) PPH account receiving SBA EIDL benefits was a personal account rather than a business account.

## CARES ACT

9. On March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security (CARES) Act, through the SBA which provided emergency assistance to small business owners, including agricultural businesses, and nonprofit organization in all the U.S. states affected by the Coronavirus (COVID-19) pandemic. The two sources of funding for small businesses were the Paycheck Protection Program (PPP) and the Economic Injury Disaster Loans (EIDL).

10. The SBA EIDL program provided small businesses with working capital for fixed debts, payroll, accounts payable, and other bills resulting from the pandemic. Individuals could apply via SBA's online website for both the EIDL advances and loans. THE EIDL advance did not require any business documentation and could be approved within 1-3 days. The EIDL loans required minimal documentation and information from small businesses to process the loan for approval.

11. Individuals applying for an EIDL loan would file applications online, via the website and servers belonging to an SBA contractor located in Des Moines, Iowa, in an attempt to obtain SBA EIDL funds. As part of the application process, unknown conspirators designated a financial institution's routing number and account number to direct the stolen funds, one such financial institution being PPH.

12. Once the SBA EIDL applications were approved, the Small Business Administration's Denver Finance Center[1] with servers located in Denver, Colorado, created payment files and authorized payments of the EIDL funds based on those applications.  This payment file was then transmitted via wire to the financial accounts

---

[1] Denver Finance Center, OCFO, SBA, 721 19th Street, Suite 373, Denver, CO 80202.

designated by the perpetrators. PPH is headquartered in San Jose, California, where its servers are also located.

### Defendant $72,700.00 seized from PayPal Account Number 1524409234531416820

13. On August 7, 2020, an individual using the name Joseph David applied for an SBA Economic Injury Disaster Loan.

14. On the application, Mr. David was identified as operating a sole-proprietorship business that started in 2015 and was engaged in the business of "automotive sales and gas service stations/new and used car dealers." On the application, Mr. David claimed 100% ownership, with 55 employees, and gross revenues of $560,000.00 for the 12 months prior to the pandemic.

15. Joseph David's SBA EIDL application was approved, and on August 11, 2020, funds in the amount of $73,800.00 were distributed to PayPal Account No. 1524409234531416820 (PayPal Account #6820), which was the account provided with the SBA application.

16. PayPal Account #6820 is in the name of Joseph David, and is associated with Wells Fargo bank account #0780, which is also a personal account in the name of Joseph David.

17. PayPal flagged the following for fraud indicators on Joseph David's account: (a) Account is young, opened in September 2019, and exhibited a high velocity of withdrawal attempts; (b) No financials were linked; (c) Account was accessed by geographically inconsistent hosting IP's out of the United States and Ghana; (d) First transactional activity on the account appeared to be testing the behavior by sending less than $1.00, micro-payments back and forth to other linked and restricted accounts;

(e) First major transaction in the account was the inbound EIDL deposit which was made on August 13, 2020; (f) EIDL beneficiary name matches accountholder name; (g) Account holder provided a California driver's license and provided what appears to be an illegible bank statement, but that document was rejected as insufficient to lift the limitation; (h) CLEAR does not show the accountholder as linked to any business entity; and (i) Accountholder made multiple unsuccessful attempts at withdrawal, and was ultimately able to exit $1,000.00 via Cashout at Walmart on August 16, 2020 and August 17, 2020.

18. On February 23, 2021, a claim form was received by an individual identifying themselves as Joseph David, 24171 Hollyoak Apt. J, Aliso Viejo, CA 92656. In his claim, Mr. David asserted he had received a loan, which was deposited into his PayPal account.

19. On July 31, 2020, SBA received an application from an individual claiming to be Charles Adkison, 407 Brantley Street, Apt. C3, Opp, Alabama 36467. Mr. Adkison's application was filed from the same device/IP address as the application that was filed by an individual claiming to be Joseph David.

20. On August 23, 2020, the SBA declined Mr. Adkison's application due to suspicious online behavior and Mr. Adkison failed online validation.

21. On September 19, 2020, a SBA officer placed an agency hold on this same account, stating identity theft.

22. There are no business entities registered to Joseph David on the California Secretary of State website (www.sos.ca.gov).

23. There are no business entities registered to Charles Adkison on the Alabama Secretary of State website (www.sos.alabama.gov).

24. SA Dotson found that the address listed for the PayPal account for the individual claiming to be Joseph David is in Las Vegas, NV (8085 Ancient Oaks Avenue, Las Vegas, NV).

25. The address that appears on Joseph David's claim as well as his SBA application is in Aliso Viejo, CA (24171 Hollyoak Apt. J, Aliso Viejo, CA).

26. On May 13, 2021, SA Roy D. Dotson, Jr. (USSS), contacted the phone number listed on Joseph David's claim (505-230-0570). This individual told SA Dotson that he was not Joseph David. He also told SA Dotson that he never applied for a SBA EIDL and does not have a PayPal account.

27. On May 13, 2021, SA Dotson also contacted the phone number that was listed on Joseph David's SBA application (949-546-6349), as the business phone number and the business owner's phone number. No one answered, it went to voicemail. SA Dotson left a message asking that Joseph David please return his call. No returned call.

## **CONCLUSION**

28. In summary, there is reasonable cause to believe that defendant $72,700.00 constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 641 (theft of government funds), and wire fraud provisions of 18 U.S.C. § 1343 et seq. Therefore, defendant $72,700.00 is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

## VERIFICATION OF ROY D. DOTSON, JR., ACTING SPECIAL AGENT IN CHARGE, UNITED STATES SECRET SERVICE

I, Special Agent Roy D. Dotson, Jr., hereby state and aver under the pains and perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

5/20/2021

X  Roy D. Dotson Jr.

Signed by: ROY D DOTSON JR

_____
Roy D. Dotson, Jr.
Acting Special Agent In Charge
United States Secret Service

### FIRST CLAIM FOR RELIEF

1. The Plaintiff repeats and incorporates by reference the paragraphs above.

2. By the foregoing and other acts, defendant $72,700.00 Seized from PayPal Account Number 1524409234531416820 constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 641. Therefore, defendant $72,700.00 is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

### SECOND CLAIM FOR RELIEF

3. The Plaintiff repeats and incorporates by reference the paragraphs above.

4. By the foregoing and other acts, defendant $72,700.00 Seized from PayPal Account Number 1524409234531416820 constitutes or is derived from proceeds traceable to violations of wire fraud, 18 U.S.C. § 1343.  Therefore, defendant

$72,700.00 is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED, this 21st day of May, 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: *s/ Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: tonya.andrews@usdoj.gov